

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NOS. PD-1702-12, PD-1703-12

**MICHAEL FRED WEHRENBERG, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SECOND COURT OF APPEALS
PARKER COUNTY**

**MEYERS, J.,** filed a dissenting opinion.

## DISSENTING OPINION

The State secures two major wins today with the majority's decision. First, the independent source doctrine is now an applicable concept in Texas law and, second, search warrants may now be based on predictions of the commission of future crimes. The majority holds that the court of appeals erred in reversing the trial court's denial of Appellant's motion to suppress. I disagree with this conclusion and would affirm the court of appeals' reversal

of the trial court's admission of the evidence because no independent source exists for the discovery of the evidence.

The State has tried to portray the probable cause for the search warrant in this case as based exclusively on the information provided by the confidential informant. The officers, however, did not attempt to secure this search warrant immediately upon receiving the confidential informant's information. Instead, they made the warrantless intrusion, handcuffed the occupants of the residence, conducted a sweep of the premises, and then went to acquire the warrant. The officer's affidavit for the warrant made no mention of the fact that they had already secured the premises and detained the people inside.

Although contrary to the trial court's and court of appeals' conclusions, it is obvious to me that this search warrant was obtained based upon the officers' unlawful entry into Appellant's residence. According to testimony of the investigator who secured the warrant, he spoke to the informant three to four hours before the officers went to "secure" Appellant's residence. This is completely inconsistent with the idea that the officers had to conduct the unwarranted entry because of exigent circumstances or to prevent destruction of evidence. Had such circumstances actually existed, the officers would have proceeded immediately to the residence rather than delaying for the number of hours that they did. There was more than enough time to secure a search warrant before the officers' intrusion into the premises, but they deliberately chose not to attempt to obtain it until after they had conducted the unlawful entry. Further, had the officers entered the home and found the occupants only baking

cupcakes, the officers would not have bothered to then obtain the warrant at all. It was only after unlawfully entering and finding suspicious activity that they felt the need to then secure the warrant in order to cover their tracks and collect the evidence without the taint of their entry.

While we are required to give deference to the trial court's assessment of credibility and demeanor, none of the conclusions I draw are dependant upon such determinations. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). I find it easy to conclude from the historical facts alone that the basis for the search warrant was not the confidential informant's information, as the officers claimed. It seems unreasonable that the trial judge could not decipher that the officers involved were less than truthful when indicating they relied solely on the confidential informant in obtaining the search warrant.

The facts of this case are similar to that of *Murray v. United States*, 487 U.S. 533 (1988), where federal agents unlawfully entered a warehouse, observed drugs, and then secured a search warrant based on information they had prior to their entry. Although this evidence was held to be admissible under the federal analysis, the standard under Article 38.23 of the Code of Criminal Procedure is far more prohibitive. Article 38.23 requires suppression of any evidence obtained in violation of the Constitution or laws of the state. Because there is a causal connection between the illegal entry and the later seizure of the evidence in this case, Article 38.23 would prohibit use of that evidence. Further, because *Murray* allows for evidence to be admitted in such a situation, the officers in Appellant's

case should have explained, when the warrant was obtained, that they had already entered the home. Concealing this information from the magistrate further indicates that the officers were trying to sidestep the fact that the warrant was actually based on their unlawful entry.

Further, even if the search warrant was based exclusively on the confidential informant's information, it still would not be valid. The informant's tip that Appellant and his group were "fixing to" cook methamphetamine that evening was a prediction of a future crime rather than an assertion that a crime was being or had been committed. Probable cause for a search warrant cannot be based on anticipation of a prospective crime. TEX. CODE CRIM. PROC. arts. 18.01, 18.02. The informant here would have had to provide credible information that Appellant possessed methamphetamine, possessed the materials to manufacture methamphetamine, had already manufactured methamphetamine, or was currently manufacturing methamphetamine. This case is further distinguished from the federal cases cited by the majority because none of those dealt with anticipated crimes rather than offenses that were in the process of being committed or had already been committed. *See Segura v. United States*, 468 U.S. 796, 799-800 (1984) (holding that a party who admitted to buying cocaine from defendant with plans to purchase more was a valid independent source); *Murray*, 487 U.S. at 535 (analyzing whether police observation of a car, that was found to contain marijuana, driving in and out of a warehouse which housed a long, dark container was a valid independent source for the search of the warehouse).

The majority has based their analysis and decision that there was an independent

source on the claim that the warrant was obtained solely on the information from the confidential informant. But as has been shown, the informant's information was only a prediction of a future crime rather than information about one that had been committed or was in the process of being committed. This prediction cannot be the basis for a valid search warrant. But even contrary to the claims of the State in this case, it is apparent from the sequence of events that the search warrant was derived from anything but an independent source. Irrespective of these facts and contrary to the law, the State now will be able to obtain search warrants based on predictions of crimes and will be able to use that as an independent source in validating searches and seizures. The court of appeals did not err in reversing the trial court's denial of Appellant's motion to suppress and, therefore, I respectfully dissent.

Meyers, J.

Filed: December 11, 2013

Publish